UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **CHERRI L. FAGEN**, individually and as personal representative of the **ESTATE OF NICHOLAS JOHN FAGEN**, | Case No. 6:21-cv-01502-MC |
| | OPINION & ORDER |
| Plaintiff, | |
| v. | |
| **LANDSTAR RANGER, INC.**, a foreign Corporation; and **LLOYD EUGENE THEEN**, an individual, | |
| Defendants. | |

MCSHANE, District Judge:

Before the Court is Plaintiff's Motion to Remand, ECF No. 8. Because Defendants' Second Amended Notice of Removal is timely and they have shown that diversity jurisdiction exists, Plaintiff's motion is DENIED.

## LEGAL STANDARD

A defendant who is not a resident of the forum state may remove from state court to federal court any civil action that could have been originally filed in federal court. 28 U.S.C. § 1441(a); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89–90 (2005); *Dennis v. Hart*, 724 F.3d 1249, 1252 (9th Cir. 2013). Original jurisdiction exists when either complete diversity exists, or when

1 – OPINION & ORDER

plaintiff's cause of action arises out of federal law or is otherwise permitted by federal law. 28 U.S.C. §§ 1331, 1332.

Complete diversity means each plaintiff is a citizen of a state different from each defendant and the amount in controversy exceeds the statutory minimum, currently $75,000. 28 U.S.C. § 1332. The removal statute is strictly construed against removal jurisdiction, and the defendant bears the burden of establishing that removal is proper. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).

## DISCUSSION

Plaintiff does not argue that the case does not meet diversity jurisdiction requirements, but rather that Defendant failed to plead the required elements and that Defendants' amended notices of removal, which cure these pleading deficiencies, are untimely. Pl.'s Mot. Remand 3–5.

Defendants were served on September 17, 2021, and first filed a notice of removal on October 13, 2021. Williams Decl., Exs. B, C, ECF No. 2. Defendants' notice stated that the basis for removal was diversity jurisdiction, pleading that Plaintiff was a resident of Oregon, that Defendant Landstar Ranger was a citizen of Delaware and Florida, and that Defendant Theen was a resident of Washington. Notice Removal 3, ECF No. 1. Defendants then alleged that because there was complete diversity and the amount in controversy was greater than $75,000, this Court had jurisdiction over the case. *Id*.

However, diversity jurisdiction comes from the parties' citizenship, which is not necessarily the same as their residency. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Defendants technically failed to meet their burden to establish diversity jurisdiction in their first notice of removal. *Cf. id*. at 857–58 ("Since the party asserting diversity jurisdiction

bears the burden of proof, [Defendants'] failure to specify Plaintiffs' state citizenship was fatal.") (internal citations omitted).

To cure this, Defendants filed an amended notice of removal on November 22, 2021, properly pleading that Plaintiff is a citizen of Oregon, that Defendant Fagen is a citizen of Delaware and Florida, and that Defendant Theen is a citizen of Washington. Second Am. Notice Removal 3, ECF No. 12. Plaintiff argues that this notice is untimely, as it was filed more than thirty days after receipt of the original action. Pl.'s Reply, ECF No. 16.

Generally, a defendant must file a notice of removal within thirty days of receipt of the initial pleading. 28 U.S.C. § 1446(b)(1). However, "the first thirty-day period for removal in 28 U.S.C. § 1446(b) only applies if the case stated by the initial pleading is removable on its face." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt. . . of an amended pleading, motion, order or other paper from which it may first be ascertained that the case . . . is removable." 28 U.S.C. § 1446(b)(3). "[A]s long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable, the 30-day time period never starts to run and the defendant may remove at any time." *Rea v. Michaels Stores, Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014). Thus, Defendants' amended notice of removal was only untimely if Plaintiff's complaint was removable on its face.

Plaintiff argues that the complaint "set forth, or defendants had information tending to establish, sufficient allegations to start the 30-day statutory period for removal." Pl.'s Reply 3. However, the complaint does not reference Plaintiff's citizenship, or even residency, only pleading that Plaintiff is the personal representative of the estate of Nicholas John Fagen, pursuant to a Deschutes County Probate Court limited judgment. Williams Decl. Ex. A, at 3.

3 – OPINION & ORDER

This is not sufficient to establish that the case was removable. Because the complaint is not removable on its face, Defendants' second amended notice of removal is timely. Plaintiff's Motion to Remand (ECF No. 8) is DENIED.

       IT IS SO ORDERED.

       DATED this 25th day of January 2022.

                                        /s/ Michael J. McShane
                                            Michael McShane
                                    United States District Judge